# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Lonnel Dickey,
    Petitioner,

vs.                                          Case No. 1:08cv819
                                                      (Beckwith, S.D.J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's return of writ with exhibits. (Docs. 7, 12).

### Procedural Background

On September 17, 2003, the Hamilton County, Ohio, grand jury returned a an indictment charging petitioner and a co-defendant with one count of murder in violation of Ohio Rev. Code § 2903.02(A); firearm specifications were attached to the murder count. (Doc. 12, Ex. 1).

On January 26, 2004, petitioner entered a guilty plea to a lesser charge of involuntary manslaughter and a firearm specification. (*Id.,* Ex. 2). The plea entry, which was executed by petitioner and signed by counsel for both parties, contained petitioner's statement that he understood "my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence." (*Id.*).

The plea entry further provided that petitioner faced a potential prison sentence of three to ten years for the involuntary manslaughter offense, as well as a mandatory prison term of three years on the firearm specification. (*Id.*). In addition, petitioner stated: "I understand and acknowledge that I have agreed with the prosecution on a potential sentence, to wit: 10 years on Ct. 1 + 3 years on gun specification." (*Id.*). Petitioner was sentenced the same date to the agreed-upon prison term totaling 13 years. (*Id.,* Ex. 4).

Apparently, petitioner did not appeal his conviction or sentence. (*See id.,* Brief, p. 2 & Ex. 18). Indeed, it appears from the record that petitioner did not take any action to challenge his conviction or sentence until over two years later, when, on May 2, 2006, he filed a *pro se* motion with the trial court entitled "Motion To Withdraw Guilty Plea/Motion to Modify Sentence Pursuant to Ohio Criminal Rule 32.1." (*See id.,* Exs. 5, 18).

In the motion filed May 2, 2006, petitioner claimed that (1) he was sentenced under unconstitutional provisions of Ohio's sentencing statute in light of the Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004); and (2) his trial counsel was ineffective in allowing him to be sentenced in violation of his Sixth Amendment right to a jury determination of enhanced sentencing factors, as recognized in *Apprendi* and *Blakely*. (*Id.,* Ex. 5). On May 15, 2006, the trial court summarily denied petitioner's motion. (*Id.,* Ex. 7).

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error:

> 1. The trial court erred as a matter of law, in violation of the Sixth and Fourteenth Amendments ... of the United States Constitution, where appellant ... was sentenced to a term beyond the statutory maximum term allowed as a matter of law, and where factors were never submitted and determined by a jury beyond a reasonable doubt.
>
> 2. Appellant ... was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.
>
> 3. Appellant ... was denied his constitutional right to a plea of guilty

2

> that was knowingly, voluntarily, and intelligently made consistent
> with the Due Process and Equal Protection Clauses of the Sixth and
> Fourteenth Amendment[s] to the United States Constitution.
>
> 4. Appellant ... was denied his due process and equal protection right,
> as guaranteed by the Sixth and Fourteenth Amendments to the United
> States Constitution, where he demonstrated manifest injustice
> sufficient to allow his motion to withdraw guilty plea.
>
> 5. Appellant ... was denied his United States constitutional right to an
> appeal as of right, as guaranteed by the Due Process and Equal
> Protection Clauses.[1]

(*Id.,* Exs. 8-9).

On June 30, 2007, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 12). After the Ohio Court of Appeals denied petitioner's motion to certify conflict (*see id.,* Exs. 13-14), petitioner timely appealed to the Supreme Court of Ohio. (*Id.,* Ex. 15). In his memorandum in support of jurisdiction, petitioner raised the same five claims that he had presented to the Ohio Court of Appeals. (*Id.,* Ex. 16). On November 21, 2007, the Supreme Court of Ohio summarily denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 17).

Petitioner next commenced the instant federal habeas corpus action. The petition, which was stamped as "filed" on January 1, 2009, was initially submitted for filing on November 21, 2008 and contains petitioner's signed declaration that the petition was placed in the prison mailing system on November 17, 2008. (*See* Doc. 7). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068,

---

[1] It appears from the record that petitioner's fifth claim stemmed from the Ohio Court of Appeals' Entry of September 25, 2006 overruling petitioner's request to be provided a copy of the "transcript of proceedings" at the State's expense, which was filed September 21, 2006, on appeal from the denial of his motion to withdraw his guilty plea or for modification of sentence. (*See* Doc. 12, Ex. 9, p. 14; Ex. 10, p. 6; Ex. 12, pp. 2-3; Ex. 16, p. 14; Ex. 19).

3

1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Here, the undersigned assumes, absent evidence to the contrary, that the petition was "filed" under the prison mail-box rule on November 17, 2008.

In the petition, petitioner asserts as grounds for relief essentially the same five claims of error that were raised to the Ohio appellate courts on appeal from the denial of his motion to withdraw his guilty plea or for modification of his sentence. (Doc. 9, pp. 6-7, 9-10, 12(a)).

In the return of writ filed in response to the petition, respondent contends that petitioner's claims for relief are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 12, Brief, pp. 5-9). Respondent alternatively argues that petitioner's fourth claim challenging the denial of his motion to withdraw his guilty plea is not cognizable in this proceeding; petitioner's fifth claim is procedurally defaulted and, in any event, is not cognizable because it "addresses a collateral matter unrelated to petitioner's detention;" and all five grounds for relief lack merit. (*Id.,* pp. 9-15).

**OPINION**

**A. Petitioner's First Three Claims Challenging His Guilty Plea, His Sentence And His Trial Counsel's Performance Based On The Supreme Court's Decisions In *Apprendi* And *Blakely* Are Time-Barred**

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to each of petitioner's claims for relief.

Respondent contends that the statute of limitations set forth in § 2244(d)(1)(A) applies to all of petitioner's claims. Under this provision, the statute would have begun to run when petitioner's conviction and sentence became "final," or in other words, when the 30-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's January 26, 2004 final judgment and sentencing entry. Thus, respondent argues that the instant petition is time-barred under § 2244(d)(1)(A) because: the statute of limitations would have commenced running in February 2004 and would have expired one year later in February 2005; petitioner's subsequent motion filed over a year later in May 2006 to withdraw his guilty plea or for modification of his sentence neither restarted the limitations period, *see, e.g., Goodballet v. Mack,* 266 F.Supp.2d 702, 707 (N.D. Ohio 2003) (citing *Thompson v. Chandler,* 36 Fed.Appx. 783, 785 (6th Cir. Mar. 6, 2002) (not published in Federal Reporter)),[2] nor served to toll the running of the statute, which had long since run its course, under 28 U.S.C. § 2244(d)(2).[3] (*See* Doc. 12, Brief, pp. 6-7).

As an initial matter, it appears that to the extent petitioner alleges in his fourth ground for relief that he was precluded from exercising his right to withdraw his guilty plea, the claim could not have accrued before the trial court issued its

---

[2] *See also Chan Ouch v. Warden, London Corr. Inst.,* No. 2:09cv173, 2009 WL 950661, at *3-4 (S.D. Ohio Apr. 1, 2009) (Kemp, M.J.) (unpublished) (and cases cited therein), *adopted,* 2009 WL 1545765 (S.D. Ohio June 3, 2009) (Smith, J.) (unpublished); *Coffey v. Warden, Warren Corr. Inst.,* No. 1:06cv717, 2007 WL 951619, at *1, *3-4 (S.D. Ohio Mar. 28, 2007) (Dlott, J.; Black, M.J.) (unpublished).

[3] *See Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998); *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

decision on May 15, 2006 denying petitioner's request to withdraw his guilty plea. (*See* Doc. 7, p. 10; Doc. 12, Ex. 7). Moreover, in his fifth ground for relief, petitioner alleges that he was denied counsel and was not provided a copy of the trial transcript at the State's expense on appeal from the denial of his motion to withdraw his guilty plea. (Doc. 7, p. 12(a)). This claim also arose after petitioner's conviction became "final," and could not have accrued before petitioner appealed the trial court's May 15, 2006 decision denying the post-conviction motion or before the Ohio Court of Appeals denied his request for a copy of the transcript on September 25, 2006. (*See* Doc. 12, Ex. 19).

The undersigned, therefore, finds that the above claims alleged in petitioner's fourth and fifth grounds for relief are governed by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D), which did not begin to run until the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Cf. Collins v. Warden, London Corr. Inst.*, No. 1:08cv452, 2009 WL 1809979, at *1, *4 (S.D. Ohio June 23, 2009) (Dlott, C.J.; Hogan, M.J.) (unpublished) (holding that § 2244(d)(1)(D) applied to the petitioner's claims challenging the state trial and appellate court rulings on his motion to withdraw guilty pleas or for modification of sentences). Because the post-conviction proceedings which gave rise to these claims remained pending in the Ohio courts until the Supreme Court of Ohio issued its final ruling on November 21, 2007 dismissing petitioner's appeal, the undersigned assumes that these claims alleged in the petition filed on November 17, 2008 are not time-barred. *Cf. id.*

In the remaining three grounds for relief, petitioner challenges the validity of his January 2004 plea agreement and sentence, as well as his trial counsel's conduct in failing to object to the sentence that was imposed by the trial court pursuant to the parties' plea agreement. These three claims overlap to the extent they are all based on the same underlying contention that the sentence petitioner agreed to as a term of the plea bargain, and which the trial court imposed, deprived petitioner of his Sixth Amendment right to a jury determination of enhanced sentencing factors under *Apprendi*, *Blakely* and cases following *Blakely*. (*See* Doc. 7, pp. 6-7, 9).

Although the three claims are based on alleged errors that occurred at trial before petitioner's conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A), an argument can be made in petitioner's favor that they arose

6

much later, because petitioner's January 2004 plea bargain and sentence comported with the state statutory sentencing provisions then in effect.[4] At that time, the Supreme Court had yet to decide *Blakely*. Moreover, it was not until February 2006 that the Supreme Court of Ohio held in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* and the Supreme Court's later decision in *United States v. Booker,* 543 U.S. 220 (2005). Therefore, petitioner could contend that either § 2244(d)(1)(C) or (D) applies to delay the commencement of the limitations period by two years.[5]

Nevertheless, the undersigned concludes that, as respondent has argued, the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A) governs petitioner's first three claims for relief based on *Apprendi* and *Blakely*.

First, § 2244(d)(1)(D) is inapplicable. It is clear from the parties' executed plea agreement that petitioner was well aware at the time he entered his plea and was sentenced that he had agreed to the imposition of the maximum sentence for the involuntary manslaughter offense, as well as the mandatory three-year sentence for the firearm specification. Therefore, the factual predicate underlying petitioner's claims was discoverable in the exercise of due diligence at the time petitioner pleaded guilty and was sentenced. *Cf. Collins, supra,* 2009 WL 1809979, at *1, *5; *Keeling v. Warden, Lebanon Corr. Inst.,* No. 1:08cv231, 2009

---

[4] It is noted that, even now, *Blakely* and its progeny would not preclude petitioner from agreeing to the sentence that was imposed in exchange for the reduction in the charges from the charged offense of murder, which would have carried a greater penalty, to involuntary manslaughter. This Court has recognized that "by agreeing as a term of the plea bargain to a specified prison sentence ... [the] petitioner waive[s] any argument that such sentence was imposed under statutory standards held to be unconstitutional by the [Ohio] Supreme Court in ... *Foster* ... in light of *Blakely*...." *Kelley v. Brunsman,* 625 F.Supp.2d 586, 603-04 (S.D. Ohio 2009) (Spiegel, S.J.; Hogan, M.J.) (quoting *Todd v. Wolfe,* No. 1:05cv737, 2007 WL 951616, at *7 n.8 (S.D. Ohio Mar. 28, 2007) (unpublished)) (see also cases cited therein). In *Kelley,* the Court explained that because the sentence in this context arises "directly from the plea agreement itself and not on any judicially-found facts," no Sixth Amendment *Blakely* concerns are implicated. *Id.* at 604.

[5] No facts have been alleged even remotely suggesting that the instant petition may be governed by 28 U.S.C. § 2244(d)(1)(B), which is applicable to cases involving an impediment to filing created by state action in violation of the Constitution or laws of the United States Therefore, the undersigned concludes that § 2244(d)(1)(B) does not apply to the case-at-hand.

7

WL 1065870, at *1, *10 (S.D. Ohio Apr. 20, 2009) (Barrett, J.; Black, M.J.) (unpublished).

Second, for the limitations provision set forth in § 2244(d)(1)(C) to apply, it must be established that the legal basis for petitioner's claim was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review."

In this case, petitioner's conviction and sentence became "final" in February 2004, months before the Supreme Court decided *Blakely* on June 24, 2004, followed by *Booker* on January 12, 2005. It is well-settled in the Sixth Circuit that neither *Blakely* nor *Booker* may be applied retroactively to cases on collateral review, where, as here, the conviction previously had become final by the conclusion of direct review or expiration of time for seeking such review.[6] *See, e.g., United States v. Saikaly,* 424 F.3d 514, 517 & n.1 (6th Cir. 2005) (and supporting cases from other circuits cited therein); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 546 U.S. 885 (2005); *Taniguchi v. United States,* 262 Fed.Appx. 714, 715-16 (6th Cir. Feb. 4, 2008) (*per curiam*) (not published in Federal Reporter), *cert. denied,* 128 S.Ct. 2525 (2008); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter);[7] *cf. Allen v. Moore,* 1:05cv731, 2007 WL 651248, at *4 & n.1 (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (noting that *Blakely* applied in case where the petitioner was sentenced pre-*Blakely*, but his direct appeal was

---

[6] Petitioner also cannot rely on the Supreme Court's decision in *Apprendi*, which was the seminal case extended by the Supreme Court in *Blakely* and *Booker,* holding that the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that the defendant is guilty beyond a reasonable doubt of any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum. *Apprendi*, which was decided in March 2000, did not announce a "newly recognized" constitutional right by the time petitioner pleaded guilty and was sentenced nearly four years later in January 2004. *Cf. Keeling, supra,* 2009 WL 1065870, at *1, *10 n.9; *Bowman v. Warden, Lebanon Corr. Inst.,* No. 1:08cv343, 2009 WL 943847, at *1, *7 n.8 (S.D. Ohio Apr. 6, 2009) (Beckwith, S.J.; Black, M.J.) (unpublished).

[7] *See also Collins, supra,* 2009 WL 1809979, at *1, *5 (and cases cited therein); *Bowman v. Warden, Lebanon Corr. Inst.,* No. 1:08cv343, 2009 WL 943847, at *1, *6-7 (S.D. Ohio Apr. 6, 2009) (Beckwith, S.J.; Black, M.J.) (unpublished) (and numerous cases cited therein).

still pending on the date *Blakely* was decided).[8]

In addition, petitioner cannot rely upon *Foster* to delay the limitations period under § 2244(d)(1)(C), because *Foster* was not decided by the United States Supreme Court. In any event, in *Foster,* the Supreme Court of Ohio expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because the appeal period expired in this case two years before *Foster* was decided, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case. *Cf. Keeling, supra,* 2009 WL 1065870, at *1, *11.

Accordingly, as respondent has argued, petitioner's first three grounds for relief are governed by the statute of limitations set forth in § 2244(d)(1)(A). The statute commenced running on February 26, 2004, one day after the 30-day period expired in which to file an appeal as of right to the Ohio Court of Appeals from the trial court's January 26, 2004 final judgment entry. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later on February 26, 2005, unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[9] The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only

---

[8] In *Allen, supra,* 2007 WL 651248, at *4 n.1, the court quoted as follows from the Supreme Court's decision in *Beard v. Banks,* 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)): "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'"

[9] *See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (*per curiam*); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (*per curiam*), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner did nothing to challenge his conviction or sentence in the state courts until he filed his motion to withdraw his guilty plea or for modification of his sentence with the trial court in May 2006, over one year after the statute of limitations expired in February 2005. The post-conviction motion, therefore, did not serve to toll the limitations period under § 2244(d)(2).

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing

*Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap*. *Cf. Collins, supra,* 2009 WL 1809979, at *1, *6.

Accordingly, in sum, the undersigned concludes that petitioner's first three claims for relief are time-barred. Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on February 26, 2004 and expired on February 26, 2005; neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case.[10]

## B. Petitioner Is Not Entitled To Relief Based On The Claim In Ground Four Challenging The Denial Of His Motion To Withdraw His Guilty Plea

In Ground Four of the petition, petitioner alleges that the trial court's denial of his motion to withdraw his guilty plea resulted in a "manifest injustice." (Doc. 7, p. 10).

As an initial matter, the Court is precluded from reviewing this claim to the extent petitioner asserts he is entitled to relief due to an alleged violation of Ohio law. A federal court may review a state prisoner's habeas petition only on the

---

[10] It is noted that even assuming, *arguendo,* petitioner's first three claims for relief are subject to review on the merits, petitioner is not entitled to relief based on such claims. As discussed above, *see supra* pp. 8-9, petitioner's guilty plea and sentence are not subject to constitutional challenge under *Blakely, Booker* or *Foster*, which were decided after petitioner's conviction and sentence became final. Moreover, petitioner would not have been able to obtain relief based solely on *Apprendi*, which applied pre-*Blakely* only to cases where the penalty was increased by the trial court beyond the prescribed statutory maximum for a crime. *See Apprendi,* 530 U.S. at 490. Indeed, the *Apprendi* Court expressly refused to overrule its prior decision in *McMillan v. Pennsylvania,* 477 U.S. 79, 93 (1986), upholding a state minimum sentencing statute that "operat[ed] solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it." *See id.* at 485-87 & n.13 (quoting *McMillan*, 477 U.S. at 88). Instead, the *Apprendi* Court limited *McMillan's* "holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict." *Id.* at 487 n.13. *See also Bowman v. Warden, Lebanon Corr. Inst.,* No. 1:08cv343, 2009 WL 943847, at *1, *5 (S.D. Ohio Apr. 6, 2009) (Beckwith, S.J.; Black, M.J.) (unpublished).

ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, to the extent petitioner alleges error under state law, his claim is not cognizable in this proceeding.

Nor does petitioner's claim implicate federal constitutional concerns, except to the extent that petitioner seeks relief based on the underlying claim that his guilty plea and sentence are invalid under the *Apprendi/Blakely* line of cases. Petitioner is unable to prevail on any such claim, however, because, as discussed above, the allegation of constitutional error based on *Apprendi* and *Blakely* is time-barred. Therefore, petitioner can only argue that the denial of his motion to withdraw his guilty plea, standing alone, amounted to constitutional error. *Cf. Neff v. Brunsman,* No. 1:06cv135, 2008 WL 2169392, at *3, *8-9 (S.D. Ohio May 21, 2008) (Spiegel, S.J.; Black, M.J.) (unpublished) (holding that the petitioner was not entitled to habeas relief based on his claim challenging the Ohio Court of Appeals' denial of his motion for leave to file a delayed appeal under Ohio R. App. P. 5, which failed to "implicate federal constitutional concerns, except to the extent that petitioner seeks relief based on the underlying [time-barred] claim that he was denied his constitutional right of appeal").

As respondent has argued in the return of writ (*see* Doc. 12, Brief, p. 9), there is no federal constitutional right, or absolute right under state law, to withdraw a guilty plea. *See, e.g., Akemon v. Brunsman,* No. 1:06cv166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007) (Weber, S.J.; Black, M.J.) (citing *Hoffman v. Jones,* 159 F.Supp.2d 648, 655 (E.D. Mich. 2001), *aff'd,* 53 Fed.Appx. 342 (6th Cir. Dec. 17, 2002), *cert. denied,* 540 U.S. 1193 (2004)) (and numerous other cases cited therein); *see also United States ex rel. Scott v. Mancusi,* 429 F.2d 104, 109 (2nd Cir. 1970), *cert. denied,* 402 U.S. 909 (1971); *Weaver v. Moore,* 1:06cv557, 2008 WL 697705, at *1-3, *12 (S.D. Ohio Mar. 12, 2008) (Spiegel, S.J.; Hogan, M.J.) (unpublished) (and numerous cases cited therein). Rather, the decision whether to permit a defendant to withdraw a guilty plea is committed to the trial court's discretion, which generally is not a basis for federal habeas relief. *Scott,* 429 F.2d at 109-10.

In an analogous case, the Sixth Circuit held that the district court erred in

granting habeas corpus relief to a petitioner who claimed that the trial court's abuse of discretion in refusing to permit him to withdraw his jury trial waiver was, "of itself, a violation of the Sixth Amendment." *Sinistaj v. Burt*, 66 F.3d 804, 807-08 (6th Cir. 1995). In so ruling, the court found no authority "for the proposition that when a state court abuses its discretion in denying a defendant's motion to withdraw a previously filed waiver of jury trial, the result is a violation of the United States Constitution." *Id.* at 808. The court continued:

> It is possible, of course, at least in theory, that a state court's refusal to permit a defendant to withdraw a previously filed jury trial waiver could amount to an unconstitutional denial of the defendant's Sixth Amendment right to a jury trial. But we can conceive of no situation in which a federal judicial determination on *habeas* collateral review that a state court, as a matter of general law, abused its discretion in denying the withdrawal motion is *therefore* a violation of the federal Constitution.

*Id.* (emphasis in original).

Similarly, here, petitioner is unable to prevail on any claim that the trial court's denial of his May 2006 motion to withdraw his January 2004 guilty plea, of itself, amounted to a violation of the federal Constitution. In any event, as noted above, even if petitioner's underlying time-barred *Blakely* claim could be considered herein in assessing whether the trial court committed constitutional error in denying the motion, petitioner is not entitled to relief based on the merits of such claim. *See supra* p. 11 n.10; *cf. Collins, supra,* 2009 WL 1809979, at *1, *7; *Bowman v. Warden, Lebanon Corr. Inst.,* No. 1:08cv343, 2009 WL 943847, at *1, *5-7 (S.D. Ohio Apr. 6, 2009) (Beckwith, S.J.; Black, M.J.) (unpublished).

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas relief based on the non-time-barred claim alleged in Ground Four, challenging the trial court's denial of his motion filed on May 2, 2006 to withdraw his January 2004 guilty plea.

## C. Petitioner's Claims In Ground Five That He Was Denied Counsel And A Copy Of The Transcript On Appeal From The Denial Of A Post-Conviction Motion Are Not Cognizable In This Federal Habeas Proceeding

In Ground Five of the petition, petitioner alleges that he was denied his due process and equal protection rights when he was "denied the appointment of counsel" and was not "afforded a copy of the trial transcript at state expense" on appeal from the denial of his motion to withdraw his guilty plea. (Doc. 7, p. 12(a)). As respondent has argued in the return of writ (*see* Doc. 12, Brief, p. 10), petitioner's allegations of error fail to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding.[11]

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Petitioner's claims, which stem from alleged errors on appeal from the denial of a state post-conviction motion, do not trigger concerns about a possible violation of petitioner's federal constitutional rights.

It is well-settled that an appellant challenging his state criminal conviction is entitled to federal constitutional protections, including the right to receive a copy of the transcript required for the appeal and to appointed counsel on appeal, when the state provides for an appeal as of right or first-tier review by an intermediate court of appeals sitting in its error-correction capacity. *See, e.g., Halbert v. Michigan,* 545 U.S. 605, 616-23 (2005); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985); *Douglas v. California,* 372 U.S. 353, 356-57 (1963); *Griffin v. Illinois,* 351

---

[11] In addition, because petitioner never raised any claim to the state courts that he was denied counsel on appeal from the denial of his motion to withdraw his guilty plea (*see* Doc. 12, Ex. 9, p. 14; Ex. 16, p. 14), it further appears that petitioner has waived such claim in this proceeding. *See* 28 U.S.C. § 2254(b)(1), (c)*; Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

U.S. 12, 18 (1956); *see also Roberts v. Gansheimer,* No. 1:08cv1473, 2009 WL 1607600, at *13 (N.D. Ohio June 3, 2009) (unpublished). These constitutional protections do not extend beyond the appellant's appeal as of right, however, to subsequent state discretionary appeals or collateral review. *See Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987)).

In Ohio, a criminal defendant's first appeal as of right is his direct appeal to the Ohio Court of Appeals, where he has the constitutional right to effective assistance of counsel in prosecuting that appeal. *See State v. Vaughn,* 241 N.E.2d 288 (Ohio Ct. App. 1968). Here, petitioner did not exercise his constitutional right to an appeal, but instead filed a post-conviction motion to withdraw his guilty plea or for modification of his sentence over two years after the expiration of the 30-day period for filing an appeal as of right from his January 2004 conviction and sentence. The constitutional protections accorded to first appeals of right did not extend to this post-conviction motion, or to petitioner's appeal from the trial court's denial of that motion. *Cf. Mapson v. Russell*, 869 F.2d 1491 (table), No. 88-3959, 1989 WL 16211, at **1 (6th Cir. Feb. 23, 1989) (unpublished) (affirming denial of petition alleging ineffective assistance of post-conviction appellate counsel as "not cognizable in federal habeas corpus").

In any event, the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings, such as the one involved here, which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *see also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002), *cert. denied,* 540 U.S. 853 (2003); *Alley v. Bell,* 307 F.3d 380, 386-87 (6th Cir. 2002), *cert. denied,* 540 U.S. 839 (2003) & 541 U.S. 963 (2004). Petitioner's allegations that he was not provided with counsel and a free copy of the transcript in the post-conviction appeal involve such "collateral matters," because they do not affect or relate to petitioner's underlying conviction and sentence.

Accordingly, in sum, petitioner is not entitled to habeas relief based on the allegations of error alleged in Ground Five of the petition, which do not give rise to a cognizable constitutional claim that may be redressed in this proceeding.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to deny the claims alleged in Grounds One through Three of the petition on procedural statute of limitations grounds, because under the applicable two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated viable constitutional claims in the three grounds for relief.

A certificate of appealability also should not issue with respect to any Order adopting this Report and Recommendation to deny petitioner's remaining claims alleged in Grounds Four and Five of the petition, which are not barred from review on statute of limitations grounds and have been addressed on the merits herein, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

Date:  12/8/09                             s/Timothy S. Black
         cbc                                        Timothy S. Black
                                                        United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Lonnel Dickey,
    Petitioner

    vs                                    Case No. 1:08cv819
                                          (Beckwith, S.J.; Black, M.J.)

Warden, Lebanon Correctional Institution,
    Respondent

# NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Any party may object to the Magistrate Judge's Report and Recommendation **within 15 days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed **within 10 days** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

J:\BRYANCC\2009 habeas orders\08-819denypet.sol-2004gp-agreedsentence-blakely-foster.noncogniz-MtnWithdrawPlea-appl.wpd